**Linda SUSANTI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70760.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**773**

Denise Donnelly–Mills, Wichita, KS, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Elizabeth J. Stevens, Esq., Linda S. Wendtland, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Linda Susanti, a native and citizen of Indonesia, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the determination of an applicant's eligibility for withholding of removal. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). To the extent the BIA expressly adopts the IJ's decision, we review the IJ's decision. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ We lack jurisdiction to review the IJ's determination that Susanti failed to file her asylum application within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem,* 273 F.3d at 815.

■ We also lack jurisdiction over Susanti's contention that the IJ violated her due process rights by making an adverse credibility determination, by refusing to continue her hearing, and by requiring corroborating documents, because she failed to exhaust these issues before the BIA. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994) (holding that a petitioner must exhaust "due process" claims that are premised on procedural errors correctable by the agency).

■ Substantial evidence supports the IJ's determination that Susanti failed to show that it is more likely than not that she will be persecuted on account of an enumerated ground where she testified to being a victim of random acts of sexual harassment and general turmoil in Indonesia. *See Hakeem,* 273 F.3d at 816 (denying withholding of removal holding that "even for purposes of the less stringent asylum standard, the applicant must show more than the existence of a generalized or random possibility of persecution in [their] native country."). Susanti's withholding of removal claim is further undercut by her testimony that her entire immediate and extended family continues to reside in Indonesia without incident. *See id.* at 816–17.

Contrary to Susanti's contention, the BIA clearly rejected the IJ's adverse credibility finding.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 749–50 (9th Cir.2004), Susanti's mo-

tion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**